UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:14-CR-00214-022 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | ORDER & OPINION |
| | : | [Resolving Doc. No. 334] |
| ISHMAEL WAHID, | : | |
| | : | |
| Defendant. | : | |
| | : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The United States used a warrant to receive cell phone tracking data and sought to identify "Ish," an unknown individual connected to a heroin distribution conspiracy. The United States tracked the location of a cell phone "Ish" had used and determined that "Ish" was Defendant Ishmael Wahid. Wahid now moves to suppress the evidence obtained through the warrant to track the phone's location.

Defendant argues the United States was reckless because the affidavit supporting the warrant contained false information, and Defendant claims that the warrant was so lacking in probable cause that reliance on it was objectively unreasonable. Defendant also argues that a warrant to track cell phone location requires an elevated showing of probable cause, including a connection between the underlying criminal activity and the Defendant's presence in a protected area such as a home.

The United States responds that the affidavit for the warrant contained no reckless falsehoods

Case No. 1:14-CR-00214
Gwin, J.

and that reliance on the warrant was objectively reasonable.[1]

For the following reasons, the Court **DENIES** Defendant's motion to suppress the evidence found through the warrant.

**I. Background**

During the investigation of a suspected drug conspiracy, the United States sought and obtained a warrant to intercept communications to and from a cell phone used by Mark Makupson. Makupson's text messages and phone calls in December, 2014, revealed contact with a unknown individual calling himself "Ish." Makupson and Ish had multiple conversations regarding alleged sales of heroin.

On January 14, 2014, the United States requested a search warrant for thirty days of precise location data for the cell phone Ish used to contact Makupson. The warrant was "to precisely locate FNU LNU, aka, Ish, conduct physical surveillance and/or initiate a traffic stop of FNU LNU, aka Ish to properly identify him." FBI Special Agent Benjamin Carter submitted an affidavit in support. The same day, Chief Judge Solomon Oliver Jr. of the United States District Court for the Northern District of Ohio issued the warrant.[2]

On January 15, 2014, agents determined that the phone was in a car on a public street in Akron, Ohio. Using the car's license plate, agents identified Defendant Ishmael Wahid as the individual making calls to Makupson. On June 18, 2014, Wahid was indicted on multiple counts

---

[1] Doc. 355, 363.
[2] Doc. 355 at 6.

-2-

Case No. 1:14-CR-00214
Gwin, J.

related to a heroin distribution conspiracy.[3]

On November 14, 2014, the Court held a hearing on Wahid's motion to suppress. Detective Nestor Maisonet, a member of the Northern Ohio Law Enforcement Task Force, testified at the hearing. Detective Maisonet collaborated on the investigation with Special Agent Carter, who was unavailable to testify.

**II. Legal Standards**

The Fourth Amendment guarantees that "no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."[4] Probable cause indicates a fair probability that evidence of a crime will be found. If an affidavit is used to establish probable cause, the affidavit must provide the official issuing the warrant a substantial basis for determining the existence of probable cause.[5]

But even if a warrant is ultimately found invalid, evidence found based on that warrant is not excluded if law enforcement officers acted in good faith and reasonably relied on the warrant.[6] In *United States v. Leon*, the Supreme Court identified four situations in which reliance on a warrant is objectively unreasonable. The two that are relevant in this case are as follows: first, when the warrant is issued on the basis of an affidavit that the affiant knows (or is reckless in not knowing) contains false information; and second, when the affidavit is so lacking in indicia of probable cause

---

[3] Doc 1.
[4] U.S. Const. Amend. IV.
[5] *United States v. Thomas,* 605 F.3d 300, 307 (6th Cir. 2010).
[6] *United States v. Leon,* 468 U.S. 897 (1984).

-3-

Case No. 1:14-CR-00214
Gwin, J.

that a belief in its existence is objectively unreasonable.[7]

### III. Analysis

At the hearing, Wahid first argued that affiant Special Agent Carter was reckless in not knowing that his affidavit contained false information. On cross examination of Detective Maisonet, Wahid's counsel sought to establish that one of the text message exchanges between Makupson and Wahid was incorrectly listed in the affidavit as occurring on December 4, 2014, when it had in fact occurred on December 14, 2014. Wahid's counsel also sought to establish that the affidavit incorrectly stated that the subscriber to the cell phone number in question was unknown, when in fact it was the user whose identity was unknown.

These discrepancies do not come close to the level of reckless disregard for the truth which can invalidate a warrant under *Leon*. Wahid has not established that any of these discrepancies are more than mere oversights or typographical errors. Such errors do not invalidate a warrant and do not show a reckless disregard for the truth.[8]

Wahid next argued that the affidavit was so lacking in probable cause that a belief in its existence is objectively unreasonable. The four corners of the warrant belie this conclusion. A warrant meets this standard if it contains only "suspicions, beliefs, or conclusions, without providing some underlying factual circumstances regarding veracity, reliability, and basis of knowledge."[9] The surveillance of Makupson's phone revealed conversations with Wahid in

---

[7] *Id.* at 899-900.
[8] *United States v. Carney*, 675 F.3d 1007, 1011 (6th Cir. 2012).
[9] *United States v. Laughton*, 409 F.3d 744, 748 (6th Cir. 2005) (internal quotation marks and citation omitted).

Case No. 1:14-CR-00214
Gwin, J.

which the two discuss meeting; argue over money owed based on the weight of drugs exchanged; and even discuss testing the quality drugs before selling them a customer.[10]

These conversation, put in the context of the conspiracy already being investigated, establish strong support for the warrant. Evidence of a crime had already been found: the missing piece was the identity of the other participant. Law enforcement officials reasonably relied upon the warrant to find this missing piece.

Wahid's primary argument, both in his brief and at the hearing, was that a warrant for cell phone location data requires a special showing of probable cause. Wahid relies heavily on *United States v. Powell*, a case from the Eastern District of Michigan.[11] Wahid argues that cell phone location data allows law enforcement to track an individual in private areas such as his home. Therefore, he claims that a warrant for cell phone data tracking must specifically justify tracking an individual in areas where he has a reasonable expectation of privacy.[12]

The Court rejects Wahid' argument for several reasons. First, the argument appears irrelevant in light of *Leon*. Although the court in *Powell* found that a warrant for long term cell phone location tracking was not supported by probable cause, no evidence was suppressed because reliance on the warrant was in good faith.[13] Even if this case requires a higher probable cause showing, Wahid has not shown a lack of good faith reliance on the warrant issued. Therefore, his argument for suppression of evidence from the warrant fails.

Second, the facts of *Powell* are readily distinguishable. The *Powell* court was concerned

---

[10] Doc. 355 at 2-5.
[11] *United States v. Powell*, 943 F. Supp. 2d 759 (E.D. Mich. 2013).
[12] Doc. 334.
[13] *Powell*, 943 F. Supp. 2d at 783.

Case No. 1:14-CR-00214
Gwin, J.

that six months of cell phone location tracking was an excessive and unnecessary intrusion into Defendant Powell's privacy. But in this case, Wahid was initially identified after only a day of cell phone data tracking. While tracking of Wahid appeared to continue after January 15, 2014, Wahid has not established surveillance as lengthy as that in *Powell*.

Third, even if the Court were to accept the novel standard given in *Powell*, the affidavit used in this case meets that standard. *Powell* proposed two criteria for long term cell phone data tracking. First, "the actual location of the person the government intends to track via the cell phone is relevant to the investigation of the ongoing crime, or evidence sought. . . . [T]he warrant application should set forth facts that warrant intrusion into protected locations that the individual may frequent."[14]

The entire point of the warrant in this case was to determine Wahid's identity. If the warrant only allowed location tracking while Wahid was in public, the warrant might be useless. A cell phone location ping coming from a mall, a bus, or a park would not help reveal Wahid among a potential crowd of people. It is precisely the phone's location in a private location perhaps pinging from the same house each night that would allow law enforcement narrow down their search. The warrant would not be effective if it could not tie the phone to Wahid.

Second, "the specific cell phone, as well as the person to be tracked, [must be] relevant to the investigation. . . . [T]he government should show that a criminal suspect under investigation is the likely user of the cell phone at issue and that he or she uses the cell phone in connection with criminal activity." Wahid's cell phone is doubly relevant to the investigation as it was used to conduct suspected drug activity and was a tool for determining his identity. In *Powell*, the

---

[14] *Id*. at 778.

Case No. 1:14-CR-00214
Gwin, J.

Defendant's identity was known his whereabouts were the question to be answered.[15] In this case, identity needed to be established. The particular cell phone thus has sufficient relevance to the present case. Even if the Court adopted Defendant's interpretation, it would not help him in this case.

The Court concludes that the warrant easily survives the *Leon* analysis, and that evidence found through the warrant should not be suppressed. Thus, for the foregoing reasons, the motion to suppress is **DENIED**.

IT IS SO ORDERED.

Dated: November 24, 2014           s/      *James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE

---

[15] *Id*. at 782.