UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case Nos. 1:14-cr-214 |
| | : |              1:18-cv-424 |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Docs. 985, 986] |
| ISHMAEL WAHID, | : | |
| | : | |
| Defendant. | : | |
| | : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Ishmael Wahid petitions to vacate his sentence under 28 U.S.C. § 2255, arguing that his sentencing and appellate counsel were constitutionally ineffective.[1] For the following reasons, the Court **DISMISSES** Wahid's petition and **DENIES** his motion to appoint habeas counsel.

## I. FACTUAL BACKGROUND

On December 1, 2014, Defendant Wahid pleaded guilty to conspiracy to possess with intent to distribute and distribution of heroin, cocaine base, and cocaine.[2] He was sentenced on March 16, 2015, to 120 months of incarceration followed by five years of supervised release.[3]

At sentencing, Attorney Donald Malarcik represented Wahid.[4] Both at the hearing and in an earlier sentencing memorandum, Attorney Malarcik objected, among other things, to Defendant Wahid's classification as a career offender under the United States Sentencing Guidelines.[5] In particular, he argued that two of Wahid's earlier state court convictions for drug offenses were void because he had not been properly advised of "post-release control issues."[6] The Court overruled that

---

[1] Doc. 985. The government opposes. Doc. 993. Defendant Wahid replies. Doc. 1000.
[2] Doc. 433; Doc. 663.
[3] *Id.*
[4] Doc. 828 at 1.
[5] *See id.* at 3–21; Doc. 608. Mr. Malarcik also objected to the assessment of criminal history points based on two other state convictions, but those objections are not relevant to Defendant Wahid's present petition. *Id.* at 4–6.
[6] Doc. 828 at 3–21; Doc. 608 at 3–4.

objection.[7]

The Court set Wahid's offense level at 30 and his criminal history category at VI, yielding a Sentencing Guidelines recommended incarceration range of 168 to 210 months.[8] But this Court varied downward and sentenced Wahid to 120 months incarceration in recognition of his limited role in the drug conspiracy.[9]

Defendant Wahid appealed.[10] On appeal, Attorney Kevin Schad represented Wahid.[11] On appeal, Wahid challenged this Court's denial of his earlier motion to suppress and his classification as a career offender under the Sentencing Guidelines.[12] As to his sentence, Wahid's counsel again argued that one of his earlier state drug convictions was void.[13]

The Court of Appeals rejected both of Wahid's arguments and affirmed his conviction and sentence.[14]

Defendant Wahid now petitions for habeas relief under 28 U.S.C. § 2255.[15] He claims that both his sentencing and appellate counsel were ineffective because they failed to argue that his 2003 conviction for manufacturing cocaine in violation of Ohio Revised Code § 2925.04(A) did not qualify as a controlled substance offense under the career offender guideline.[16] He protests that—rather than pursuing this line of argument—counsel instead pursued the meritless argument that his conviction was void.[17]

The government opposes Wahid's habeas petition.[18] Defendant Wahid replies.[19]

---

[7] Doc. 828 at 16, 19–21.
[8] *Id.* at 32; U.S.S.G. ch. 5 pt. A (2014).
[9] Doc. 828 at 32–34.
[10] *See United States v. Wahid*, 666 F. App'x. 379 (6th Cir. 2016).
[11] *Id.* at 380.
[12] *Id.* at 381–83.
[13] *Id.* at 382.
[14] *Id.* at 381–84.
[15] Doc. 985.
[16] Doc. 985-1 at 2–9.
[17] *Id.* at 5, 7.
[18] Doc. 993.
[19] Doc. 1000.

Defendant Wahid also requests that he be appointed habeas counsel.[20]

## II. LEGAL STANDARD

Section 2255 permits a prisoner to challenge his conviction or sentence on the grounds that either the conviction or the sentence "was imposed in violation of the Constitution or laws of the United States," that the court imposing the sentence lacked jurisdiction to do so, or that the sentence imposed exceeded the maximum authorized by law.[21]  To prevail on a § 2255 motion alleging a constitutional error, the petitioner "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[22]

## III. ANALYSIS

### A. Motion to Appoint Habeas Counsel

The Court first considers Defendant Wahid's request for counsel.

Habeas petitioners have no constitutional right to appointed counsel.[23]

Instead, federal law allows the Court to appoint counsel to a financially eligible § 2255 petitioner where "the interests of justice so require."[24]  In exercising its statutory discretion to appoint habeas counsel, a "district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors."[25]

The Court declines to appoint counsel in this case.  The facts of this case are not complex; indeed, they are virtually uncontested.  Moreover, although determining what is and is not a "controlled substance offense" under the Sentencing Guidelines is often a difficult and confusing

---

[20] Doc. 986.  The Government opposes.  Doc. 993.  Defendant Wahid replies.  Doc. 1000.
[21] 28 U.S.C. § 2255(a).
[22] *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).
[23] *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).
[24] 18 U.S.C. § 3006A(a)(2)(B).
[25] *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994).

inquiry,[26] this case is not unusually complex in that regard. And finally, Defendant Wahid has demonstrated an exceptional ability to represent himself, including knowledge of the proper application of the categorical and modified categorical approaches beyond that of many attorneys.[27]

The Court therefore **DENIES** Defendant Wahid's motion to appoint habeas counsel.

### B. Motion to Vacate Sentence

Defendant Wahid contends that his sentence should be vacated because his sentencing and appellate counsel were ineffective.[28] The Court disagrees.

#### 1. The *Strickland* Standard

To prevail on a constitutional claim of ineffective assistance of counsel, a habeas petitioner must show (1) that his counsel fell below an irreducible minimum of effectiveness and (2) that he was prejudiced by his attorney's poor performance.[29]

An attorney is constitutionally ineffective only where he "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."[30] Counsel is generally presumed to have been effective unless the defendant proves otherwise.[31] Counsel can be found ineffective only where his "acts or omissions were outside the wide range of professionally competent assistance."[32] And counsel cannot be declared ineffective merely because the Court disagrees with what was a reasonable but ultimately ineffective trial strategy.[33]

"To demonstrate prejudice, a petitioner must 'show[ ] that counsel's errors were so serious as to deprive the defendant of a fair trial . . . .'"[34] That means showing "that there is a reasonable

---

[26] *Cf. United States v. Davis*, 875 F.3d 592, 595 (11th Cir. 2017) ("This is an ACCA 'violent felony' issue case. So here we go down the rabbit hole again to a realm where we must close our eyes as judges to what we know as men and women.").
[27] *See generally* Doc. 985-1; Doc. 1000.
[28] *See generally* Doc. 985-1.
[29] *Hand v. Houk*, 871 F.3d 390, 410 (6th Cir. 2017) (citing *Strickland v. Washington*, 466 U.S. 668, 690 (1984)).
[30] *Leonard v. Warden*, 846 F.3d 832, 843–44 (6th Cir. 2017) (quoting *Strickland*, 466 U.S. at 687).
[31] *Strickland*, 466 U.S. at 690.
[32] *Id.* at 690.
[33] *See id.* at 689 ("It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.").
[34] *Leonard*, 646 F.3d at 844 (quoting *Strickland*, 446 U.S. at 687) (alteration in original).

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[35] "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[36]

### 2. Ineffectiveness

In this case, Defendant Wahid contends that both his trial and appellate counsel were ineffective because they failed to argue that his 2003 drug conviction did not qualify as a "controlled substance offense" under the Sentencing Guidelines.[37] However, counsel's failure to raise meritless arguments is not ineffective.[38] As a result, because the Court concludes that Wahid's 2003 conviction does qualify as a "controlled substance offense," he has failed to show that his trial and appellate counsel were ineffective.

### a. Categorical and Modified Categorical Approach

A defendant qualifies as a career offender under U.S.S.G. § 4B1.1 if (1) he is at least 18 years old at the time he committed the offense for which he was sentenced, (2) he was sentenced for a felony that is a crime of violence or controlled substance offense, and (3) he has at least two earlier felony crime of violence or controlled substance offense convictions.[39]

Defendant Wahid contends that he is not a career offender because he does not have two earlier predicate offense convictions.[40] In particular, he contends that his conviction under Ohio Revised Code § 2925.04 does not qualify as a predicate offense for career offender purposes.[41]

Section 4B1.2 defines a controlled substance offense as:

an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of

---

[35] *Strickland*, 466 U.S. at 694.
[36] *Id.*
[37] *See generally* Doc. 985; Doc. 1000.
[38] *See Krist v. Foltz*, 804 F.2d 944, 946–47 (6th Cir. 1986) ("An attorney is not required to present a baseless defense or to create one that does not exist.").
[39] U.S.S.G. § 4B1.1(a)(2014).
[40] *See generally* Doc. 985; Doc. 1000.
[41] *Id.*

> a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.[42]

The commentary to that Guideline clarifies that the definition of "'controlled substance offense' include[s] the offenses of aiding and abetting, conspiring, and attempting to commit" a controlled substance offense.[43]

To determine whether a defendant's earlier state-law conviction qualifies as a controlled substance offense under § 4B1.1, the Court uses the categorical and modified categorical approaches developed by the Supreme Court in the Armed Career Criminal Act context.[44] Under those approaches, the Court proceeds in three steps.

First, the Court must decide whether the defendant's earlier conviction "categorically" qualifies as a controlled substance offense.[45] It does so by looking only to the statutory definition of the state-law offense and asking if it proscribes the same type of conduct described in U.S.S.G. § 4B1.2.[46] If so, then the earlier conviction qualifies as a conviction for a drug trafficking offense and the Court's analysis is at an end.[47]

If not, the Court must proceed to the second step: determining whether we may permissibly apply the modified categorical approach.[48] To do so, the Court must decide whether a statute is divisible or indivisible.[49] A statute is divisible where it lists multiple elements of a crime in the alternative such that the statute defines multiple crimes.[50] A statute is indivisible if it lists only a single set of elements or merely lists "alternative means" of committing the same crime.[51] If the state statute

---

[42] U.S.S.G. § 4B1.2(b) (2016).
[43] *Id.* § 4B1.2 cmt. n.1.
[44] *See United States v. McMurray*, 653 F.3d 367, 372 (6th Cir. 2011); *United States v. Gibbs*, 626 F.3d 344, 352 n.6 (6th Cir. 2010).
[45] *See Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016).
[46] *See United States v. Woodruff*, 735 F.3d 445, 448–50 (6th Cir. 2013).
[47] *See Mathis*, 136 S. Ct. at 2248.
[48] *See id.* at 2248–49.
[49] *See Descamps v. United States*, 570 U.S. 254, 257 (2013).
[50] *Mathis*, 136 S. Ct. at 2249.
[51] *Id.* at 2254–55, 2257.

Case Nos. 1:14-cr-214
Gwin, J.

does not categorically qualify as a controlled substance offense and is indivisible, then the defendant's earlier conviction does not count and our analysis ends.[52]

If, however, the statute is divisible and one of the alternative sets of elements would categorically qualify as a controlled substance offense, The Court may proceed to the third step.[53] At this stage, the Court may consider a limited set of documents—often referred to as *Shepard* [54] documents—to determine which set of elements was the basis for the defendant's previous conviction.[55] The defendant's conviction qualifies as a controlled substance offense only if the *Shepard* documents show that the defendant was convicted under the set of elements that categorically qualifies as a controlled substance offense.[56]

### b. Defendant Wahid's 2003 Conviction

Defendant Wahid argues that his 2003 conviction for illegally manufacturing cocaine in violation of O.R.C. § 2925.04 does not qualify as a controlled substance offense.[57] As the Court explains below, however, § 2925.04 is divisible and the *Shepard* documents show that his manufacturing conviction involved cocaine and does qualify.

Neither this Court nor the Sixth Circuit has decided whether violations of O.R.C. § 2925.04 qualify as "controlled substance offenses."[58] It is a matter of first impression.

To determine whether Defendant Wahid's 2003 conviction counts as a "controlled substance offense," then, the Court must first decide whether § 2925.04 as a whole categorically qualifies as a "controlled substance offense." Ohio R.C. § 2925.04 may not categorically qualify as a controlled

---

[52] *Descamps*, 570 U.S. at 258.
[53] *See United States v. Mitchell*, 743 F.3d 1054, 1063 (6th Cir. 2014).
[54] *Shepard v. United States*, 544 U.S. 13 (2005).
[55] *Mitchell*, 743 F.3d at 1063; *see McMurray*, 653 F.3d at 381–82.
[56] *See Mitchell*, 743 F.3d at 1063–64.
[57] *See generally* Doc. 985; Doc. 1000.
[58] The government contends that the Sixth Circuit held that O.R.C. § 2925.04 convictions qualify in *United States v. Conzelmann*, 514 F. App'x. 598 (6th Cir. 2013). Doc. 993 at 9. Even setting aside the fact that *Conzelmann* was a non-precedential decision, however, the Defendant in that case did not argue that his § 2924.04 conviction did not qualify as a "controlled substance offense[ ]" under the Guidelines—only that the government did not prove that they were. *Conzelmann*, 514 F. App'x. at 601. So the Sixth Circuit's comment that § 2925.04 is a "textbook example[ ]" of a "controlled substance offense," *id.*, is dicta.

substance offense.

At least some circumstances, a § 2925.04 violation amounts to only a minor or fourth degree misdemeanor.[59] Under Ohio law, a minor misdemeanor is not punishable by jail time and a fourth degree misdemeanor is punishable by only 30 days in jail.[60] Because a conviction for an offense punishable by less than one year in jail does not qualify as a "controlled substance offense" under U.S.S.G. § 4B1.2, some convictions under § 2925.04 may not categorically qualify as "controlled substance offenses" in light of the Sixth Circuit's decision in *United States v. Pruitt*.[61]

That does not matter, however, because § 2925.04 defines multiple crimes and is, therefore, divisible and subject to analysis under the modified categorical approach.

Section 2925.04 provides that anyone who commits a violation of the statute involving a drug other than marijuana "is guilty of illegal manufacture of drugs," whereas anyone who commits a violation involving marijuana "is guilty of illegal cultivation of mari[j]uana."[62] The statute thus clearly defines two, distinct offenses.[63]

And it goes on to define very different penalties for illegal manufacture and illegal cultivation. Illegal manufacture is, at the very least, considered a felony of the third degree, punishable by between one to five years in prison.[64] Thus, any conviction for illegal manufacture is punishable by a sentence of more than one year and qualifies as a controlled substance offense.[65]

Illegal cultivation, on the other hand, might qualify as anything from a minor misdemeanor

---

[59] O.R.C. § 2925.04(C)(4)(a) & -(b). Because Wahid was convicted on December 5, 2003, the Court cites to the version of the Ohio Revised Code effective as of that date.

[60] *See* O.R.C. § 2929.24(A); *accord State v. Harkness*, 598 N.E.2d 836, 838 (Ohio Ct. App. 1991) ("The maximum penalty for a minor misdemeanor is a $100 fine with no possibility of jail time.").

[61] 545 F.3d 416 (6th Cir. 2008).

[62] O.R.C. § 2925.04(C)(1).

[63] The Ohio Revised Code does define "manufacture" to include "cultivat[ion]." O.R.C. § 2925.01(K). But other drugs besides marijuana can be "cultivated," and—as discussed above—the statute establishes cultivation of marijuana as an offense separate and distinct from the manufacture (by cultivation or otherwise) of other controlled substances. To the extent that Wahid attempts to argue that Ohio's definition of "manufacture" is, itself, overly broad, Ohio's definition appears largely identical to the federal definition. *Compare id. with* 21 U.S.C. § 802(15); *see also LaFlam v. United States*, 277 F. App'x 18, 18–19 (2d Cir. 2008) (looking to § 802's definition of "manufacture" to determine the meaning of manufacture in U.S.S.G. § 4B1.2).

[64] O.R.C. § 2929.14(A)(3).

[65] U.S.S.G. § 4B1.2(b) (2014).

to a felony of the second degree.[66] So it may or may not be a controlled substance offense depending on how one interprets the *Pruitt* decision.

The Court need not decide whether illegal cultivation qualifies under *Pruitt*, because Defendant Wahid was convicted of illegal manufacture.

Although the government has not (as it should have) submitted any *Shepard* documents with its opposition, Wahid's PSR explains that his § 2925.04 conviction resulted from an indictment charging him with manufacturing cocaine. Wahid has not objected to that portion of his PSR. He argues only that § 2925.04 is not divisible. Thus, he was charged with illegal manufacturing, not illegal cultivation, and his 2003 conviction qualifies as a controlled substance offense.[67]

Moreover, state court records are properly subject to judicial notice.[68] In this case, the state court records related to Wahid's conviction show that he pleaded guilty to Count 1 of the indictment, which charged him with manufacturing cocaine.

Thus, Wahid's 2003 conviction qualifies as a "controlled substance offense" and his trial and appellate counsel were not deficient for failing to argue otherwise.[69]

### 3. Prejudice

Even assuming that trial and appellate counsel were ineffective for failing to argue that Wahid's 2003 conviction was not a "controlled substance offense," he has not shown prejudice. As explained above, that argument would have failed. Thus, there is no "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[70]

### IV. CONCLUSION

For all of those reasons, Wahid's motion to appoint counsel is **DENIED** and his petition for

---

[66] O.R.C. § 2925.04(C)(4).
[67] *See Conzelmann*, 514 F. App'x. at 601.
[68] *See United States v. Ferguson*, 681 F.3d 826, 834–35 (6th Cir. 2012); *see also* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). Although neither party has asked the Court to take judicial notice of the *Shepard* documents related to this case, "[t]he court . . . may take judicial notice on its own" motion. Fed. R. Evid. 201(c)(1).
[69] *Krist*, 804 F.2d at 946–47.
[70] *Strickland*, 466 U.S. at 694.

Case Nos. 1:14-cr-214
Gwin, J.

relief under 28 U.S.C. § 2255 is **DISMISSED.** Because this case can be resolved based upon facts subject to judicial notice, there is no need for an evidentiary hearing. Furthermore, there is no basis to issue a certificate of appealability.

    IT IS SO ORDERED.

Dated: June 6, 2018            *s/     James S. Gwin*
                                                    JAMES S. GWIN
                                                    UNITED STATES DISTRICT JUDGE