UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:14-cr-00214 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 1129] |
| vs. | : | |
| | : | |
| ISMAEL ABDUL WAHID, | : | |
| | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Ismael Wahid moves for compassionate release under 18 U.S.C. § 3582.[1]  He says the Court should reduce his sentence due to his overlong sentence and COVID-19.  The Government opposes.[2]

For the following reasons, the Court **GRANTS** Defendant Wahid's motion for compassionate release.

I.     Background

On December 1, 2014, Defendant Wahid pleaded guilty to conspiracy to possess with intent to distribute and to distribute heroin.[3]  The parties agreed that Wahid's base offense level was 22.[4]

On March 16, 2015, the Court sentenced Wahid.[5]  The Court found that Wahid's base offense level was 22.[6]

---

[1] Wahid, acting *pro se*, filed a motion for compassionate release.  Doc. 1129.  Wahid's counsel filed a supplemental motion for compassionate release.  Doc. 1143. .
[2] Doc. 1146.
[3] Doc. 434.
[4] *Id.*
[5] Doc. 662.
[6] Doc. 828 at 27.

Case No. 1:14-cr-00214
Gwin, J.

However, the Court also found Wahid to be a career offender, based on an earlier federal drug trafficking conviction and a drug manufacturing conviction in Summit County.[7]  The career-offender enhancement raised Wahid's offense level to 32.[8]

After subtracting 2 points for acceptance of responsibility, the Court set Wahid's adjusted offense level at 30.[9]

The Court found Wahid to be a criminal history category VI based upon past convictions and, separately, his career-offender status.[10]

Wahid's offense level and criminal history category resulted in a guideline range of 168 to 210 months' imprisonment.[11]  The Court sentenced Wahid to 120 months imprisonment and 5 years of supervised release.[12]

## II.    Discussion

Wahid moves for compassionate release.[13]  He says that relief should be granted because FCI Elkton suffers from a severe COVID-19 outbreak and because, if sentenced today, his sentence would be significantly shorter.[14]  Additionally, on July 21, 2020, Wahid's counsel reported that he had tested positive for COVID-19.[15]  The Government opposes.[16]

### A.  Exhaustion

The Court may modify a defendant's term of imprisonment upon a motion from a

---

[7] *Id.*
[8] *Id.* at 28.
[9] *Id.* at 28, 30.
[10] *Id.*
[11] *Id.* at 28.
[12] Doc. 662.
[13] Doc. 1129.
[14] Doc. 1143 at 5.
[15] Doc. 1143-5.
[16] Doc. 1146.

Case No. 1:14-cr-00214
Gwin, J.

defendant once 30 days have expired since the warden of the defendant's facility received such a motion from the defendant.[17]  On May 14, 2020, Wahid requested compassionate release from the Elkton Warden.[18]  The Government concedes that more than 30 days have expired since Wahid's request.[19]  Wahid has satisfied the exhaustion requirement.

### B.  Eligibility

To grant compassionate release, the Court must find that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[20]  The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553.[21]  Under the compassionate release statute, the Court may "reduce the term of imprisonment and impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment."[22]

Wahid raises two arguments for compassionate release: COVID-19 and his overlong sentence.

The Court finds that the risk of COVID-19 in combination with Wahid's overlong sentence constitute "extraordinary and compelling" reasons justifying compassionate release under § 3582(c)(1)(A)(i).[23]  Although Wahid is not among those particularly

---

[17] 18 U.S.C. § 3582(c)(1)(A)(i).

[18] Doc. 1143 at 5.

[19] *Id.* at 2-3.

[20] 18 U.S.C. § 3582(a)(1)(A).

[21] *Id.*

[22] *Id.*

[23] USSG § 1B1.13 cmt. n.1.  The policy's "Other Reasons" category is outdated in that it still assumes compassionate release "may by granted only upon motion by the Director of the Bureau of Prisons." *United States v. Brown*, No. 4:05-CR-00227-1, 2020 WL 2091802, at *5 (S.D. Iowa Apr. 29, 2020) (quoting USSG § 1B1.13 cmt. n.1). Because this is no longer the law with the First Step Act, which allows defendants to seek relief directly from the court, the outdated policy leaves "district courts in a conundrum." *Id.* (describing that Congress now allows district courts to grant petitions "consistent with applicable policy statements" from the Sentencing Commission, but the Commission "has not made the policy statement for the old regime applicable to the new one").  This Court follows the growing number of district courts that have concluded that, in the absence of applicable policy statements, courts "can determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. § 1B1.13 cmt. n.1(A)–(C) warrant" compassionate release. *United States v. Rodriguez*, 424 F. Supp. 3d 674, 681–82 (N.D. Cal. 2019) (citation omitted)

Case No. 1:14-cr-00214
Gwin, J.

vulnerable to the virus, the institution he is incarcerated at—FCI Elkton—has been heavily affected by COVID.  And Wahid's counsel reported that Wahid already tested positive for the virus.[24]

Most compelling, however, is that if Wahid were sentenced today his sentence would be significantly shorter.  As explained above, at the time of his sentencing in 2015, Defendant Wahid's sentencing guideline range was 168 to 210 months, and the Court sentenced him to 120 months.[25]  However, under the law today, Wahid would face a guidelines range of 63 to 78 months.[26]

Today, Wahid's sentencing range would be lower because, under the current law, Wahid would no longer qualify as a career offender.  A defendant qualifies as a career offender if (1) he was eighteen or older at the time of the offense; (2) the offense was a crime of violence or a controlled substance offense; and (3) the defendant had at least two prior felony convictions of a crime of violence or a controlled substance offense.[27]

The third factor is relevant here.  At sentencing, the Court found Wahid to be a career offender based on one state and one federal qualifying conviction.[28]  However, since Wahid's sentencing, the Sixth Circuit has clarified that conspiracy offenses cannot serve as the basis for career-offender status.[29]  Wahid's federal conviction was for conspiracy to sell drugs, so this offense does not qualify as a controlled substance offense.[30]

---

(collecting cases).

[24] Doc. 1143-5.

[25] Doc. 662.

[26] Without the career offender enhancement, Wahid's offense level would have been 20 instead of 30.

[27] USSG § 4B1.1.

[28] Doc. 828 at 16-17.

[29] *United States v. Butler*, 812 F. App'x 311 (6th Cir. 2020) (citing *United States v. Havis*, 927 F.3d 382, 386-87 (6th Cir. 2019) (en banc)).

[30] *Id.*

Case No. 1:14-cr-00214
Gwin, J.

Because his federal conviction no longer counts toward career-offender status, if sentenced today Wahid would not be considered a career offender, and the low end of his sentencing range would be 63 months, less than half of what it was at the time of his 2015 sentencing and almost half of what the Court sentenced him to in 2015.  Furthermore, Wahid has already served approximately 70 months of his sentence.

Considering this sentencing disparity and COVID-19 risks at Elkton, the Court finds extraordinary and compelling grounds to reduce Wahid's sentence.  Granting compassionate release here also accords with 18 U.S.C. § 3553(a).

### III.    Conclusion

For the foregoing reasons, the Court **GRANTS** Wahid's request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  The Court reduces Wahid's sentence to time served.  Wahid's term of supervised release remains at five years, subject to the terms imposed at sentencing.[31]

Furthermore, the Court orders the Bureau of Prisons to take measures to ensure that Wahid has placement that can safely accommodate his COVID-19 condition before his release.

IT IS SO ORDERED.

Dated:  August 14, 2020                              s/      *James S. Gwin*
                                                                    JAMES S. GWIN
                                                                    UNITED STATES DISTRICT JUDGE

---

[31] Doc. 662.